Per Curiam.

This is an action in prohibition brought originally in this court by William K. Boda against Ted W. Brown, Secretary of State of Ohio, to prohibit the latter “from declaring a vacancy of the position of member of the Board of Elections of Montgomery County, Ohio, to which * * * relator was appointed” and “from appointing anyone else to the position * * * for the term for which * * * relator was appointed.”
The cause is submitted for final decision on the petition, the answer and a stipulation of facts.
It appears that relator was born May 2, 1875. On January 15, 1935, when he was 59 years of age, he became an employee of the Tax Commission of Ohio and also a member of the State Employees Retirement System pursuant to the provisions of Sections 486-32 and 486-33, General Code (115 Ohio Laws, 614, Sections 1 and 2), as then in effect, and contributed to the *369 Employees’ Savings Fund created by Section 486-51, General Code (115 Ohio Laws, 614, 620, Section 20).
On June 30, 1937, when relator was 62 years of age, he left the employ of the Tax Commission and thereafter, on March 8,1938, made application for a refund of his accumulated contributions to such savings fund, pursuant to the provisions of Section 486-65, General Code (115 Ohio Laws, 614, 625, Section 34).
On March 13, 1939, when relator was 63 years of age, he was employed by the auditor of Montgomery county. On or about April 5, 1939, he requested exemption from membership in the Public Employees Betirement System. This request was made pursuant to the provisions of Sections 486-33 and 486-33a, General Code (117 Ohio Laws, 57, 59, 840, 843), which were in part as follows:
Section 486-33. “ * * * Membership in the State Employees Retirement System shall be compulsory and shall consist of all state employees, either as original members or as new members * * *.”
Section 486-33a. “The State Employees’ Betirement System created by Section 486-33, General Code, shall hereafter be known as the Public Employees ’ Betirement System * * *. Beginning July 1, 1938, in addition to the present membership of said retirement system, there shall be included therein áll county * * * employees as defined herein, and such county * * * employees, except as otherwise provided herein, shall have all the rights and privileges and be charged with all the duties and liabilities provided for in the laws relating to said retirement system as are applicable to state employees. Provided, however, that * * * any new member over the age of fifty years may be exempted from membership by filing written application for exemption with the retirement board within three months after being regularly appointed * * *.”
Except as to the above proviso, these two sections *370 are now substantially combined in present Section 486-33, General Code.
Section 486-32, General Code (117 Ohio Laws, 840, 842), as then in effect, defined a “new member” in part as follows:
“ (23 * * * As applied to county * * * employees ‘new member’ of the Public Employees Retirement System shall mean a county * * * employee who shall have become a county * * * employee and a member of the retirement system at a date subsequent to June 30, 1938.”
The requested exemption was granted April 7, 1939.
On February 28, 1950, the relator left the employ of the auditor of Montgomery county. On March 1, 1950, relator, being at that time 74 years of age, began a term as a member of the Board of Elections of Montgomery County pursuant to an appointment previously made by the then Secretary of State, under Section 4785-8, General Code.
On March 1, 1950, neither Section 486-33 (122 Ohio Laws, 192, 195), Section 486-33a (122 Ohio Laws, 192, 195) nor any other section of the General Code provided for an application for exemption from member,ship in the Public Employees Retirement System on the part of a new employee.
About July 1, 1951, respondent informed the relator and the Republican Executive Committee of Montgomery County that he considered the position theretofore held by relator as a member of the board of elections to be vacant. At the time respondent took such action, Section 486-59, General Code, read and now reads in part as follows:
“On June 30 following the date upon which he becomes a member the retirement board shall retire any employee who was over seventy years of age at the time he became a member and shall retire all other *371 members, except elective officers, on the June 30 following the date upon which the age of seventy is attained. Provided, that until June 30, 1952, any member having reached the age of sixty-nine years or more may, upon written application approved by the head of his department, board, authority or institution, and upon certification by a physician licensed to practice in the state of Ohio that the member is physically and mentally competent to perform the duties of the particular position which he occupies, be continued in service for a period of one year or any part thereof, such application, if approved, to expire on the June 30 following the date upon which it was filed unless renewed from year to year on or before the expiration date * * *.”
It does not appear that relator ever made application to the respondent to be continued in service as a member of the Board of Elections of Montgomery County.
Under Sections 4785-6 and 4785-7, General Code, the Secretary of State is “the chief election officer of the state” with the duty “to appoint, in the manner provided by law, all members of boards of elections.”
Relator contends that as a member of a board- of elections he is a public officer (State, ex rel. Milburn, v. Pethtel, Aud., 153 Ohio St., 1, 90 N. E. [2d], 686) and is not amenable to the provisions of the Public Employees Retirement Act. However, according to the provisions of Section 486-32 (4), General Code, any officer, not elective, of the state of Ohio, any county, municipality, etc., is a “public employee.” And Section 486-33, General Code, makes membership in the Public Employees Retirement System compulsory for all public employees, unless they are exempted by the retirement board for specified reasons. Therefore, relator, not being an elective officer, is a member of *372 the system, unless for some other good reason he is exempt therefrom.
It is relator’s contention that his exemption when he was employed by the auditor of Montgomery county carries over to his office as a member of the Board of Elections of Montgomery County. Exemption from the retirement system is restricted within narrow confines,, and, by reference to the statute under which relator was exempted in 1939, it would seem clear that such exemption applied only to the particular position in the public service he then held and does not attach to relator in his new and different office as a member of the board of elections.
. This brings us to a consideration of the effect of the retirement system as it pertains to the relator. Such effect is to impose a qualification on the right of relator or any other individual, except an elective officer, to hold public employment after he reaches the age of 70.
Section 486-59, General Code, above quoted, plainly states that “the retirement board shall retire any employee who was over 70 years of age” when he becomes a member and “shall retire all other members, except elective officers” on the 30th day of June following the attainment of the age of 70. The exception to such mandatory provisions is not involved in the instant case. Since the statute last mentioned eliminates from its terms only “elective officers,” under the doctrine of expressio unius est exclusio alterius, the exception can not be extended to appointive officers like relator. It is generally recognized that the express mention of-but one class of persons in a statute implies the exclusion of all others.
Relator asserts further that as a public officer he is protected in his tenure as a member of the board of elections by Section 38, Article II, of the Constitution *373 of Ohio, which specifies the manner and grounds for the removal of public officials.
However, a clear cut distinction exists between a case involving the removal of a public officer as contemplated by the Constitution and a case in which an official becomes disqualified by a provision of law from continuing in the office he holds. This is illustrated by the case of State, ex rel., v. Orr, 61 Ohio St., 384, 56 N. E., 14, deciding that an officer must be qualified to hold his office not only when he is elected or appointed thereto but also throughout his term. For additional cases of like tenor see annotation, 88 A. L. R., 828.
Consequently, the question here involved is not the improper removal of a public officer but the disqualification of an officer by operation of law to hold his office. As previously pointed out, Section 486-59, General Code, operates to disqualify relator from holding his appointive public office.
In summation, the members of this court are unanimously of the opinion:
(1) That as an appointive public officer, relator became subject to the provisions of the Public Employees Retirement Act, Section 486-32 et seq., General Code, at the time of his appointment as a member of the Board of Elections of Montgomery County on March 1, 1950.
(2) That under the unmistakable provisions of Section 486-59, General Code, relator was subject to retirement from his office as a member of the board of elections on June 30, 1950.
(3) That such retirement does not, under the Constitution, present a question of removal from office.
(4) That the petition herein, in the light of the undisputed facts in the case and under applicable statutes, does not set forth a valid claim for relief at the hands of this court.
*374 It follows that the writ should be, and it is, hereby, denied.

Writ denied.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet, Matthias, and Hart, JJ., concur.